## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

DONTE VAUGHN                    *

Petitioner                          *

v                                   *        Civil Action No. RDB-11-3546

JENNIFER MASSLIENO, et al.          *

Respondents                         *
                                   ***

## <u>MEMORANDUM OPINION</u>

This court required Respondents to file a supplemental response to the Petition for Writ of Habeas Corpus, addressing Petitioner's claim that he was denied due process with respect to revocation of 71 days of good conduct time in the context of an escape charge.  ECF No.  20 and 21.  Respondents filed their supplemental response on March 26, 2012.  ECF No. 34.  Petitioner filed a Reply on March 29, 2012, as well as a Motion to Join and a Motion for Leave to Proceed in Forma Pauperis.  ECF No. 35, 36, and 37.  Prior to the supplement response, Petitioner filed a Motion for Reconsideration and a Motion to Join.  ECF No. 29 and 30.  The Court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2011).   For the reasons that follow, the Court will DISMISS the Petition for Writ of Habeas Corpus and DENY a Certificate of Appealability.

## Background

The facts and circumstances giving rise to this action were set out in this Court's Memorandum Opinion issued January 26, 2012.  ECF No. 20.  The facts pertinent to the one remaining claim follow.

On September 5, 2011, Petitioner Donte Vaughn ("Vaughn") was confined to a Federal Bureau of Prisons Halfway House ("VOA").  ECF No. 1 at p. 10.  On that date he claims he had

received warnings that other residents knew about his assistance to the director and that his safety was in jeopardy.  Although Vaughn states he was in daily contact with the director, Jennifer Masslieno and with Officer John Albert regarding the threats on his life, no action was taken to keep him safe.  Vaughn left the VOA for work and claims he received a phone call from a fellow resident warning him there was a plot against his life; therefore, he did not return to the VOA. ECF No. 1 at pp. 10, 13 – 14.

Vaughn was scheduled to return to VOA at 10:30 p.m.  At 11:22 p.m. Director Masslieno received a Bracelet Strap Tamper Alert from Veritracks indicating Vaughn's GPS tracking device had been cut off.  ECF No. 34 at Ex. 1, ¶3 and Attachment B.  The Center Discipline Committee ("CDC") convened and heard the charges against Vaughn on September 7, 2011; Vaughn was not present for the hearing. *Id*. at ¶ 7 and Attachment E.  After considering Vaughn's return time of 10:30 p.m.; the 11:22 p.m. alert received from Veritracks; Vaughn's signed Acknowledgement and Receipt of House Rules; the Home Confinement Satellite Tracking Program Agreement; the Resident Sign In/ Sign Out Sheet; and the Escape Agreement, the CDC found Vaughn guilty of escape.  *Id*. and Attachment F.  In short, the CDC concluded that Vaughn understood the rules of the VOA and willfully violated them when he failed to return.  *Id*.  The sanction recommended by the CDC recommended a sanction of forfeiture or disallowance of up to 75% of his Good Conduct Time (GCT).  ECF No. 34 at Ex. 1, ¶ 8.  On September 19, 2011, 40 days of GCT were disallowed and 41 days of Non-Vested GCT were forfeited based on the CDC report.  *Id*. at ¶ 9.  Vaughn was arrested on October 4, 2011 by U.S. Marshals.  ECF No. 8 at Ex. 1, Attachment B.[1]

If an inmate escapes or is otherwise absent, the Discipline Hearing Officer conducts a

---

[1] He is currently awaiting trial on escape charges in this Court.  *See United States v. Vaughn*, Crim No. L-11-570 (D. Md.).

hearing in the inmate's absence at the institution in which the inmate was last confined.  When the inmate returns to custody, the Warden has the charges reheard before the hearing officer, ordinarily within 60 days after the inmate's arrival at the institution to which he is designated after return to custody.  *See* ECF No. 34 at Ex. 1, ¶ 10 *citing* Federal Bureau of Prisons Program Statement 5270.09, Inmate Discipline Program, Chapter 5(e)(4).

Vaughn is not currently in Federal Bureau of Prisons custody; therefore, he has not been afforded a rehearing on the CDC's findings.  Respondents assert that if Vaughn is ever taken back into Bureau custody he will be permitted to submit an administrative remedy regarding the September 5, 2011 escape.  ECF No. 34 at Ex. 2, ¶ 5.  Although Vaughn's submission would be untimely, it is possible to obtain verification of the reason he was unable to submit the remedy request within the 20 day time period.  *Id*.  Thus, Respondents assert that Vaughn has not been denied due process because he has not been placed in the position to avail himself of further review.

Vaughn maintains that he is in federal custody and has been since he was arrested on October 4, 2011.  ECF No. 35 at pp. 1 – 2.  Based on that assumption, Vaughn continues to claim that he filed timely complaints at Maryland Correctional Adjustment Center (MCAC) where he is confined, awaiting trial on escape charges, but has not been provided with the hearing to which Respondent admits he is entitled.  *Id*. at p. 2.  He states the BOP had time to provide a hearing but "wasted" it with "their effort to deceive the court when they could have immediately scheduled a hearing."  *Id*. at p. 3.  Vaughn argues that his claim is not moot because there are other ways to compensate him for the time lost.  *Id*.

Vaughn further asserts that he is not guilty of the escape charges and that the prior sentence did not expire until February 9, 2012.  He requests a hearing in the context of this case

to prove he did not escape from custody. *Id*. at p. 4. Additionally, Vaughn appears to make a double jeopardy claim when he asserts that the Government should not now be entitled to also charge him with a crime after finding him guilty of the disciplinary charges of escape. *Id*.

In his Motion to Join, Vaughn seeks to add a claim to the instant case that he should be transferred to FMC Butner for psychiatric evaluations. ECF No. 36. He seeks an order from this Court requiring an explanation as to why the order to send him to Butner, issued during his previous term of incarceration, was ignored. *Id*. at p. 9, *see also* ECF No. 1 at pp. 8 – 9.

**Standard of Review**

Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial. *Id*. at 249.

In undertaking this inquiry, this Court must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Ricci v. DeStefano*, 129 S. Ct. 2658, 2677 (U.S. 2009); *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, this Court must also abide by its affirmative obligation to prevent factually unsupported claims and defenses from going to trial. *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993). If the evidence presented by the nonmoving party is merely colorable, or is not significantly probative, summary

judgment must be granted.  *Anderson*, 477 U.S. at 249-50.  On the other hand, a party opposing summary judgment must "do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *see also In re Apex Express Corp.*, 190 F.3d 624, 633 (4th Cir. 1999).  This Court has previously explained that a "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences."  *Shin v. Shalala*, 166 F. Supp. 2d 373, 375 (D. Md. 2001) (citations omitted).

### Analysis

Although prisoners do retain rights under the Due Process Clause, prison disciplinary proceedings are not part of a criminal prosecution and the full array of rights due a defendant in such proceedings does not apply.  *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (*citing Morrissey v. Brewer*, 408 U.S. 471, 488 (1972)).  In prison disciplinary proceedings where an inmate faces the possible loss of diminution credits, he is entitled to certain due process protections. These include: (1) advance written notice of the charges against him; (2) a written statement of the evidence relied on and the reasons for taking any disciplinary action; (3) a hearing where he is afforded the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, and a written decision; (4) the opportunity to have non-attorney representation when the inmate is illiterate or the disciplinary hearing involves complex issues; and (5) an impartial decision-maker.  *See Wolff*, 418 U.S. at 564-571. There is no constitutional right to confront and cross-examine witnesses or to retain and be appointed counsel.  *See Baxter v. Palmigiano*, 425 U.S. 308, 322 (1976); *Brown v. Braxton*, 373 F.3d 501, 505-06 (4th Cir.2004). As long as the hearing officer's decision contains a written statement of the evidence relied upon, due process is satisfied.  *See Baxter*, 425 U.S. at 323 n. 5.

Moreover, substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence." *Superintendent, Mass. Correctional Institute v. Hill*, 472 U.S. 445, 455 (1985). Federal courts do not review the correctness of a disciplinary hearing officer's findings of fact. *See Kelly v. Cooper*, 502 F.Supp. 1371, 1376 (E.D.Va.1980). The findings will only be disturbed when unsupported by any evidence, or when wholly arbitrary and capricious. *See Hill*, 472 U.S. at 456; *see also Baker v. Lyles*, 904 F.2d 925, 933 (4th Cir.1990). As long as there is some evidence in the record to support a disciplinary committee's factual findings, a federal court will not review their accuracy. The evidence presented to the disciplinary committee and subsequently reviewed was sufficient to satisfy the constitutional standard of "some evidence" and, as such, will not be disturbed by this Court.

In the instant case, Vaughn is not in federal custody serving the same sentence from which he is alleged to have escaped.[2] His assertion otherwise is erroneous; he is held as a pre-trial detainee pending a criminal trial. Thus, at this time, Vaughn is not entitled to the additional hearing afforded to persons who are charged with the disciplinary violation of escape and tried in absentia. If the revoked credits were restored now, there would be no sentence to apply the credits against. "A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477 (1990). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.* at 478 (quoting *Los Angeles v. Lyons,* 461 U.S. 95, 101 (1983)). "This means that, throughout the litigation, the [Petitioner] 'must have suffered,

---

[2] The "escape" referenced herein refers to the administrative, disciplinary charge for which Vaughn was found guilty. This Court makes no statement regarding Vaughn's pending criminal charges for escape.

or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.' " *Spencer*, 523 U.S. at 7 (quoting *Lewis,* 494 U.S. at 477).  The instant claim is moot because there is nothing this Court can order Respondents to do with respect to the disciplinary findings.

To the extent Vaughn attempts to prove he is innocent of the escape charges in the context of this case, or argues the pending criminal case against him violates double jeopardy, that attempt must fail.  The issue in the instant case pertains only to whether Vaughn was denied due process in the context of the institutional-level disciplinary proceeding.  This Court concludes that the process already provided was constitutionally adequate inasmuch as the guilty finding was based on "some evidence" and that further available administrative review is not presently available to Vaughn.  The validity of the criminal case against Vaughn may be challenged in the context of the criminal case.

Vaughn's assertion that he should have been transferred to FMC Butner is properly before this Court.  His custody as a pre-trial detainee will not be addressed in the context of this case and the Motion to Join will be denied.

The Petition for Writ of Habeas Corpus will be dismissed as moot; all pending motions will be denied; and a Certificate of Appealability[3] shall be denied in a separate Order which follows.



May 31, 2012                               _____/s/_____
Date                                        RICHARD D. BENNETT
                                        UNITED STATES DISTRICT JUDGE

---

[3] A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U. S.C. § 2253(c)(2).  The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Because this court finds that there has been no substantial showing of the denial of a constitutional right, a certificate of appealability shall be denied.  *See* 28 U. S.C.§ 2253(c)(2).